UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARTIN T FRANCO, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-161 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

# ORDER OF DISMISSAL AND
# ORDER FOR SANCTIONS

Petitioner Martin T. Franco, Jr. (TDCJ #490569) filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254. Court records show that Franco, who is currently incarcerated at the Ramsey I unit in Rosharon, Texas, has filed more than thirty habeas corpus petitions in the federal district courts. These records reflect that Franco has already filed more than one unsuccessful federal habeas corpus petition to challenge his 1992 aggravated robbery conviction. *See, e.g., Franco v. Johnson*, Civil No. 1:01-cv-238 (W.D. Tex. Aug. 15, 2001); *Franco v. Cockrell*, Civil No. 1:03-cv-280 (W.D. Tex. May 19, 2003); *Franco v. Dretke*, Civil No. 1:03-cv-926 (W.D. Tex. Dec. 23, 2003); *Franco v. Dretke*, Civil No. 1:05-cv-645 (W.D. Tex. Aug. 22, 2005). The Fifth Circuit has denied Franco's repeated requests for leave to file a successive habeas petition to challenge this conviction. *See In re Franco*, No. 02-50596 (5th Cir. 2002); *In re Franco*, No. 03-50544 (5th Cir. 2003); *In re Franco*, No. 04-41627 (5th Cir. 2005); *In re Franco*,

No. 05-50806 (5th Cir. 2005).  The Fifth Circuit has also warned Franco "that sanctions will be imposed if he continues to file repetitious or frivolous motions for leave to file successive habeas applications or attempts to file a successive habeas application directly with the district court." *In re Franco*, No. 04-51416 (5th Cir. 2006).  Despite this warning, Franco has continued to file successive challenges to his 1992 aggravated robbery conviction.  *See, e.g., Franco v. Quarterman*, Civil No. G-07-0671 (S.D. Tex. Jan. 2, 2008); *Franco v. Quarterman*, Civil No. G-08-0185 (S.D. Tex. Oct. 17, 2008).

In an attempt to circumvent the Fifth Circuit's mandate, Franco now purports to challenge the postponement of his parole.  This claim is also repetitive.  The Western District of Texas has rejected prior petitions from Franco, complaining that he is entitled to release on parole.  *See Franco v. Texas Board of Pardons and Paroles*, Civil No. 1:03-cv-718 (W.D. Tex. Oct. 22, 2003); *Franco v. Texas Department of Criminal Justice*, Civil No. 1:08-cv-874 (W.D. Tex. Dec. 19, 2008).  In those cases, the Western District explained to Franco that Texas inmates have no constitutional right to parole and that his claims were without merit.

Franco has been barred from filing any future complaints or applications for writ of habeas corpus challenging his Llano County conviction for aggravated robbery without prepayment of the filing fee "unless the pleadings are accompanied by proof that all of the sanctions assessed against him have been

satisfied <u>and</u> he has received advanced written permission to file from a United States District Judge or from a Judge of the United States Court of Appeals." *See Franco v. Oliver Bell*, Civil No. 4:10-cv-382 (S.D. Tex. Feb. 11, 2010).

Franco does not show that he has obtained authorization to proceed with a successive writ as required by 28 U.S.C. §2244(b) and his petition, in this Court's view, clearly constitutes an abuse of the writ. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Accordingly, for all of these reasons, the petition must be dismissed with sanctions for violating the Fifth Circuit's mandate. *See In re Franco*, No. 04-514116 (5th Cir. 2006).

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition is **DISMISSED** as an abuse of the writ.

2. To the extent that one is required, a certificate of appealability is **DENIED.**

3. Due to the petitioner's clear record of repetitive, frivolous filings, and his continued abuse of judicial resources, the Court **SANCTIONS** Franco in the amount of $100.00.

4. Franco is **BARRED** from filing any complaint or petition in this district without prepayment of the filing fee unless the pleadings are accompanied by proof that all of the sanctions assessed against him have been satisfied <u>and</u> he has received advanced written permission to file from a United States District Judge or from a Judge of the United States Court of Appeals. Any pleadings filed contrary to this order may result in further sanctions, including additional monetary penalties.

**The Clerk shall provide a copy of this order by regular mail, facsimile**

**transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Ms. Betty Parker.**

SIGNED this 2nd day of October, 2013.

_____
Gregg Costa
United States District Judge